RECEIPT # 55356
AMOUNT $ 150
SUMMONS ISSUED 4-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M_
DATE 4-19-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GRIGGS & BROWNE CO., INC.,
a Rhode Island corporation, d/b/a
GRIGGS & BROWNE SERVICES, INC.
    Plaintiff,

v.

GRIGGS & BROWNE CO., INC.
a Massachusetts corporation,
    Defendant.

C.A. No.

**04 CV 10784 WGY**

MAGISTRATE JUDGE Dein

## COMPLAINT

Plaintiff Griggs & Browne Co., Inc., a Rhode Island corporation, brings this action against Defendant Griggs & Browne Co., Inc., a Massachusetts corporation, for trademark infringement, false advertising, and unfair competition in violation of federal and Massachusetts law, and allege as follows:

### Parties Jurisdiction and Venue

1. Plaintiff Griggs & Browne Co., Inc. (the "Company") is a Rhode Island corporation with its principal place of business at 175 Niantic Avenue, Providence, Rhode Island. The Company maintains resident offices in Abington, Massachusetts and Buzzards Bay, Massachusetts, and is registered to do business, and does business, in the Commonwealth of Massachusetts under the name Griggs & Browne Services, Inc.

2. Defendant Griggs & Browne Co., Inc. ("G&B- Worcester") is a Massachusetts corporation with its principal place of business at 549 Grove Street, Worcester, Massachusetts.

3. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391.

### Facts Common to All Counts

5. The Company was originally founded in Providence, Rhode Island in 1910 by Daniel Griggs ("Griggs") and Michael Browne. Together Messrs. Griggs and Browne established successful pest control company that today provides a wide range of pest control and extermination services throughout Rhode Island, Eastern Massachusetts, and Connecticut. The Company owns and has used the service mark GRIGGS & BROWNE® in commerce continuously since 1910.

6. Griggs purchased all of the Company's stock in 1934. The company soon emerged as one of the leading pest control and extermination companies in the area and gradually expanded its business operations to encompass all of Rhode Island and parts of neighboring Massachusetts, including Worcester County.

7. In 1941, in anticipation of the United States' entry into World War II, Griggs sold the exterminating business then-operating in Worcester under the name GRIGGS & BROWNE to George E. Ford ("Ford") under an asset purchase agreement dated December 16, 1941 (the "1941 Agreement"). A true copy of the 1941 Agreement is attached as Exhibit A. On information and belief, Ford has operated that business in Worcester under the name Griggs & Browne Co., Inc. (again, "G&B- Worcester") since 1941. G&B- Worcester has provided pest control and exterminating services within Worcester County for nearly sixty-five years. The services that G&B- Worcester provides are substantially similar to those offered by the Company.

8. In the 1980's, the Company further expanded its business and entered neighboring markets in Connecticut and Eastern Massachusetts, including Barnstable County and Cape Cod. Specifically, the Company opened two Connecticut branches in 1984. It opened an Abington, Massachusetts branch in 1986; and began serving Buzzards Bay in 1987 and opened a branch in 1989. The Company began serving Nantucket and Martha's Vineyard in 1993. The Company has been continuously operating and marketing in each of these markets under the name GRIGGS & BROWNE® ever since. Today, the Company has offices in Providence, Abington, Buzzards Bay, and Waterford, Connecticut.

9. While the Company was expanding its pest control business using the GRIGGS & BROWNE mark in Connecticut and Eastern Massachusetts, including Barnstable County and Cape Cod, G&B-Worcester confined its operations to Worcester County. G&B-Worcester has not had any presence in Rhode Island, Connecticut, or Eastern Massachusetts, including Cape Cod or the Islands.

10. In 2000, the Company celebrated 90 years of success as a third generation family owned business employing over 125 pest control professionals in Massachusetts, Connecticut, and Rhode Island.

11. The heart of the Company's business is the business good will associated with the mark GRIGGS & BROWNE. For over ninety years, consumers have associated the GRIGGS & BROWNE mark with quality service and customer satisfaction. In 1972, for example, the Company coined the distinctive and memorable motto ""WITHOUT GRIGGS & BROWNE, THE WHOLE TOWN WOULD FALL DOWN!" The Company has expended enormous resources in print and broadcast advertising promoting its services through its motto and its now

famous GRIGGS & BROWNE mark. Since 2000 alone, the Company has expended over $1.6 million in advertising featuring the GRIGGS & BROWNE mark through various media outlets.

12. In 2000, the Company registered the World Wide Web domain address <www.griggsbrowne.com>. Attached as Exhibit B is true printout of the Company's home page, which features the Company's motto alongside the famous GRIGGS & BROWNE mark, and promotes the Company's four branches that collectively have been "PROUDLY SERVING RI, MA AND CT SINCE 1910."

13. On August 1, 1999, the United States Patent and Trademark Office ("USPTO") issued the Company a federal service mark registration (Reg. No. 2,372,532) for the mark GRIGGS & BROWNE. The Company's registration identifies that the mark was first used in commerce in 1910. A true printout from the USPTO's TESS database is attached as Exhibit C.

14. The Company has recently learned that, notwithstanding the peaceful coexistence between the parties for over sixty years, G&B-Worcester intends to expand its sales territory beyond Worcester County and into areas which the Company has been continuously operating for no less than fifteen years. On information and belief, G&B-Worcester has formulated marketing plans and placed advertisements targeted at greater Barnstable County and Cape Cod using the Company's now famous GRIGGS & BROWNE mark. G&B-Worcester has done so without any authorization, license or consent from Company.

15. G&B-Worcester's unlawful and deceptive use the GRIGGS & BROWNE mark is likely to cause confusion among consumers and within the trade regarding the source of the services being provided. Upon information and belief, G&B-Worcester has already caused confusion to such persons as to the source and quality of G&B-Worcester's pest control services.

4

16. The false, misleading, deceptive, and unlawful nature of G&B-Worcester's acts as described above are well-known, or should be well-known, by G&B-Worcester.

17. On April 6, 2004, the Company demanded that G&B-Worcester cease and desist any use of the Company's subsisting and federally registered mark and to cancel any advertisements beyond the Worcester area, if any such advertisements have been placed. G-B-Worcester did not confirm its intention to limit its use of the GRIGGS & BROWNE mark exclusively to Worcester County. Meanwhile, on information and belief, G&B-Worcester has placed an advertisement in the local yellow pages serving Barnstable County and Cape Cod using the GRIGGS & BROWNE® mark, and the deadline for canceling this advertisement is in early May 2004.

## COUNT I
## Federal Trademark Infringement
## (Violation of 15 U.S.C. § 1114(1))

18. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 17 of this Complaint.

19. Defendant, in connection with the sale and offering for sale of pest control services, has used, or is threatening to use, in commerce a service mark that is either identical, or confusingly similar, to Plaintiff's registered service mark without Plaintiff's consent and Defendant's use or threatened use is likely to cause confusion, or to cause mistake or to deceive.

20. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. Defendant's adoption and use of the Plaintiff's trademarks outside Worcester County is intentional, willful and in bad faith.

22. The aforesaid acts by G&B-Worcester are causing great and irreparable harm and damage to Plaintiff and, unless preliminarily and thereafter permanently restrained by this Court, said harm will continue.

23. Plaintiff has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition and False Advertising
### (Violation of 15 U.S.C. § 1125(a))

24. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint.

25. The aforesaid acts of G&B-Worcester constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of G&B-Worcester with Plaintiff, or as to the origin, sponsorship or approval of G&B-Worcester's services and other commercial activities.

26. The aforesaid acts of G&B-Worcester constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of G&B-Worcester's services and other commercial activities.

27. The aforesaid acts of G&B-Worcester constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     The aforesaid acts of G&B-Worcester are causing or will cause, severe and irreparable harm and damage to Plaintiff, and, unless preliminarily and thereafter permanently restrained by this Court, said irreparable injury will continue.

29.     Plaintiff has no adequate remedy at law.

## COUNT III
### Common Law Trademark Infringement

30.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint.

31.     In addition to its rights under the Lanham Act, as set forth above, Plaintiff has valid common law rights in the GRIGGS & BROWNE mark.

32.     G&B-Worcester's aforesaid acts are a violation and derogation of Plaintiff's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of G&B-Worcester's services, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. G&B-Worcester knows, or in the exercise of reasonable care should know, that its conduct is likely to so mislead the public.

33.     The foregoing conduct by G&B-Worcester is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Plaintiff's rights.

34.     G&B-Worcester's wrongful acts, as alleged above, are intended and may permit it to make substantial sales and profits on the strength of Plaintiff's regional marketing, advertising, sales, and consumer recognition throughout Massachusetts, Connecticut, and Rhode Island.

35. As a direct and proximate result of G&B-Worcester's wrongful conduct, as alleged above, Plaintiff has been and will be deprived of substantial sales of goods and services in an amount as yet unknown but to be proved at trial, and have been and will be deprived of the value of its GRIGGS & BROWNE® service mark as a commercial asset in an amount as yet unknown but to be determined at trial.

36. The aforesaid acts of G&B-Worcester constitute trademark infringement in violation of Massachusetts common law.

37. The aforesaid acts of G&B-Worcester have caused and are causing great and irreparable harm and damage to Plaintiff, and, unless preliminarily and thereafter permanently restrained by this Court, said irreparable injury will continue.

38. Plaintiff has no adequate remedy at law.

## COUNT VI
## Common Law Unfair Competition

39. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 38 of this Complaint.

40. G&B-Worcester's aforesaid acts are a violation and derogation of Plaintiff's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of G&B-Worcester's services, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. G&B-Worcester knows, or in the exercise of reasonable care should know, that its conduct is likely to so mislead the public.

41. The foregoing conduct by G&B-Worcester is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Plaintiff's rights.

42. G&B-Worcester's wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's nationwide and international marketing, advertising, sales and consumer recognition.

43. As a direct and proximate result of G&B-Worcester's wrongful conduct, as alleged above, Plaintiff has been and will be deprived of substantial sales of goods and services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its GRIGGS & BROWNE® service mark as a commercial asset in an amount as yet unknown but to be determined at trial.

44. The aforesaid acts of G&B-Worcester constitute unfair competition in violation of common law.

45. The aforesaid acts of G&B-Worcester have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained by this Court, said irreparable injury will continue.

46. Plaintiff has no adequate remedy at law.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant:

A. That G&B-Worcester, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

(1) using on or in connection with the advertising, promotion, or offering any services whatsoever outside of Worcester County, Massachusetts using Plaintiff's subsisting and federally-registered service mark, GRIGGS & BROWNE, or any variations thereof or anything confusingly similar thereto;

(2) representing outside Worcester County by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the G&B-Worcester's services are the services of Plaintiff, or that there is any affiliation or connection between Plaintiff and its services and G&B-Worcester and its services, and from otherwise unfairly competing with Plaintiff;

(3) causing to be advertised, published or disseminated by any means outside Worcester County any false or misleading representations as to the existence of any relationship between G&B-Worcester and Plaintiff, or between any services of G&B-Worcester and any services of Plaintiff.

B. That Plaintiff recovers all compensatory and consequential damages sustained as a proximate result of G&B-Worcester's trademark infringement and unfair competition, together with an accounting of G&B-Worcester's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious, willful and intentional nature of the acts of G&B-Worcester;

C. That Plaintiff have and recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate infringement of a federally-registered trademark by G&B-Worcester;

D. That Plaintiff have and recover their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

E. That G&B-Worcester be required to recall from any and all channels of trade any and all infringing advertising or promotional materials or other infringing matter outside Worcester County, and to take affirmative steps to dispel any false suggestion of a connection to plaintiff by virtue of its infringing activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

F. That Plaintiff recovers their costs and disbursements herein; and

H. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

GRIGGS & BROWNE CO., INC.,
a Rhode Island corporation,

By their attorneys,

*/s/ Craig M. Scott*

Craig M. Scott, Esq. (BBO #556210)
Charles D. Blackman, Esq. (BBO #635331)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

H:\Clients\Griggs & Browne Co., Inc\Pleadings\Complaint Filed.DOC