UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-10784--WGY

| | |
|---|---|
| GRIGGS & BROWNE CO., INC., a Rhode Island corporation, d/b/a GRIGGS & BROWNE SERVICES, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GRIGGS & BROWNE CO., INC. A Massachusetts corporation, | ) ) ) |
| Defendant | ) ) |

## ANSWER AND JURY CLAIM OF DEFENDANT GRIGGS & BROWNE CO., INC.

Defendant Griggs & Browne Co., Inc. ("G&B-MA") hereby answers the Complaint, as follows:

1.   G&B-MA admits that the plaintiff Griggs & Browne Co., Inc. is a Rhode Island Corporation ("G&B-RI") with its principal place of business at 175 Niantic Avenue, Providence, Rhode Island and denies that G&B-RI is doing business in the Commonwealth of Massachusetts under the name Griggs & Browne Services, Inc.  G&B-MA denies that G&B-RI is registered to do business in the Commonwealth of Massachusetts.  G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that G&B-RI maintains resident offices in Abington, Massachusetts and Buzzards Bay, Massachusetts, and therefore it is denied.

2. G&B-MA admits that it is a Massachusetts corporation with its principal place of business at 549 Grove Street, Worcester, Massachusetts.

3. Paragraph 3 states a legal conclusion to which a response is not required. To the extent a response is required, G&B-MA denies the allegations in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which a response is not required. To the extent a response is required, G&B-MA denies the allegations in Paragraph 3.

5. G&B-MA denies that G&B-RI owns and has used the service mark Griggs & Browne ® in commerce continuously since 1910. G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 5 and therefore they are denied.

6. G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 6 and therefore they are denied.

7. G&B-MA admits that in 1941 Daniel Griggs sold an exterminating business operating in Massachusetts under the name Griggs & Browne to Co., to George E. Ford, pursuant to an asset purchase agreement dated December 16, 1941. G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that Daniel Griggs sold the business in anticipation of the United States' entry into World War II or that the document attached as Exhibit A is a true copy and therefore those allegations are denied. G&B-MA admits that it has operated in Worcester under the name Griggs & Browne Co., Inc. since 1941 and further states that it has conducted business in other

2

cities and towns in the Commonwealth of Massachusetts since that date.  G&B-MA admits that it has provided pest control and exterminating services within Worcester County for nearly sixty-five years and further states that it has provided those services in other cities and towns in the Commonwealth of Massachusetts.  G&B-MA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that it provides services that are substantially similar to those offered by G&B-RI and therefore that allegation is denied.

8.      G&B-MA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 8 and therefore those allegations are denied.

9.      G&B-MA denies that it confined its operations to Worcester County.  G&B denies the allegation that it has not had any presence in Rhode Island, Connecticut, or Eastern Massachusetts, including Cape Cod or the Islands.  G&B states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations made in paragraph 9 and therefore those allegations are denied.

10.     G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 10 and therefore those allegations are denied.

11.     G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 11 and therefore those allegations are denied.

12. G&B-MA states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 12 and therefore those allegations are denied.

13. G&B-MA admits the allegations made in paragraph 13 and further states that the federal service mark registration was fraudulently obtained.

14. G&B-MA admits that it has expanded its sales territory beyond Worcester County and it has formulated marketing plans and placed advertisements targeted at greater Barnstable County and Cap Cod. G&B-MA denies the remaining allegations made in paragraph 14.

15. G&B-MA denies the allegations made in paragraph 15.

16. G&B-MA denies the allegations made in paragraph 16.

17. G&B-MA denies the allegation that on April 6, 2004, G&B-RI demanded that G&B-MA cease and desist any use of G&B-RI's subsisting and federally registered mark and to cancel any advertisements beyond the Worcester area, if any such advertisements have been placed. G&B-MA admits the allegation that G&B-MA did not confirm its intention to limit its use of the GRIGGS & BROWNE mark exclusively to Worcester County. G&B-MA admits that G&B-MA placed an advertisement in the local yellow pages serving Barnstable County and Cape Cod. G&B-MA denies the remaining allegations in paragraph 17.

## COUNT I

18. G&B-MA repeats and realleges its responses to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. G&B-MA denies the allegations made in paragraph 19.

20. G&B-MA denies the allegations made in paragraph 20.

21. G&B-MA denies the allegations made in paragraph 21.

22. G&B-MA denies the allegations made in paragraph 22.

23. G&B-MA denies the allegations made in paragraph 23.

## COUNT II

24. G&B-MA repeats and realleges its responses to paragraphs 1 through 23 of the Complaint ass if fully set forth herein.

25. G&B-MA denies the allegations made in paragraph 25.

26. G&B-MA denies the allegations made in paragraph 26.

27. G&B-MA denies the allegations made in paragraph 27.

28. G&B-MA denies the allegations made in paragraph 28.

29. G&B-MA denies the allegations made in paragraph 29.

## COUNT III

30. G&B-MA repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. G&B-MA denies the allegations made in paragraph 31.

32. G&B-MA denies the allegations made in paragraph 32.

33. G&B-MA denies the allegations made in paragraph 33.

34. G&B-MA denies the allegations made in paragraph 34.

35. G&B-MA denies the allegations made in paragraph 35.

36. G&B-MA denies the allegations made in paragraph 36.

37. G&B-MA denies the allegations made in paragraph 37.

38. G&B-MA denies the allegations made in paragraph 38.

## COUNT VI [sic]

39. G&B-MA repeats and realleges its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. G&B-MA denies the allegations made in paragraph 40.

41. G&B-MA denies the allegations made in paragraph 41.

42. G&B-MA denies the allegations made in paragraph 42.

43. G&B-MA denies the allegations made in paragraph 43.

44. G&B-MA denies the allegations made in paragraph 44.

45. G&B-MA denies the allegations made in paragraph 45.

46. G&B-MA denies the allegations made in paragraph 46.

WHEREFORE, G&B-MA respectfully requests that this Court issue an order dismissing the Complaint with prejudice and awarding it its reasonable attorneys' fees and costs incurred in the defense of this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against G&B-MA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff did not commence this action within the time prescribed in the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by the principle of laches.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by the principles of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recover by the principle of election of remedies.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by an accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not licensed to do business in Massachusetts pursuant to M.G.L. c. 181.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's purported registration of the service mark "Griggs & Browne" is invalid on the ground that it was obtained by fraud.

### NINTH AFFIRMATIVE DEFENSE

G&B-MA owns the service mark "Griggs & Browne" pursuant to the 1941 asset sale agreement and license.

### TENTH AFFIRMATIVE DEFENSE

G&B-RI abandoned any rights in the service mark "Griggs & Browne."

### ELEVENTH AFFIRMATIVE DEFENSE

G&B-RI's claims are barred by the equitable doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

G&B-RI has failed to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

G&B-RI has failed to comply with the terms of its contract and therefore, it is precluded from recovery on any of the claims asserted in this action.

### Jury Claim

G&B-MA respectfully demands a trial by jury to the fullest extent permitted by law.

### COUNTERCLAIM AND JURY CLAIM
### OF DEFENDANT GRIGGS & BROWNE CO., INC.

1.   Defendant/Plaintiff-in-Counterclaim, Griggs & Browne Co., Inc. ("G&B-MA") is a Massachusetts corporation with its principal place of business at 549 Grove Street, Worcester, Massachusetts.

8

2. Plaintiff/ Defendant-in-Counterclaim, Griggs & Browne Co., Inc. ("G&B-RI") is a Rhode Island Corporation with its principal place of business at 175 Niantic Avenue, Providence, Rhode Island.

3. An Agreement dated December 16, 1941 between G&B-MA and G&B-RI ("the 1941 Agreement") granted, sold, transferred and delivered to G&B-MA the entire interest in the business conducted under the name Griggs & Browne, Co., including the goodwill of that business, anywhere except in the state of Rhode Island.

4. On February 13, 1998 G&B-MA and G&B-RI entered into an Agreement (the 1998 Agreement), whereby the companies divided the Massachusetts territories, the boundaries of which were delineated by hand on a map of Massachusetts.

5. Pursuant to the 1998 Agreement, only G&B-MA was permitted to do business under the name Griggs & Browne, Co. in the Cape Cod area of Massachusetts.

6. Since the date of the 1998 Agreement, G&B-RI has solicited customers and conducted business in the Cape Cod area of Massachusetts.

7. G&B-RI has failed to register to do business in the Commonwealth of Massachusetts as required by M.G.L. c. 18, §4.

8. G&B-RI obtained a federal service mark registration on August 1, 1999 for the mark Griggs & Browne.

9. Glen Griggs, President of G&B-RI in 1999 filed a trademark application declaring "to the best of [his] knowledge and belief no other person, firm, corporation, or association has

9

the right to use [the service mark Griggs & Browne] in commerce, either in identical form thereof or in such near resemblance thereto as to be likely to cause confusion, or to cause mistake, or to deceive…" This statement was false when it was made.

10. As a result of G&B-RI's breach of the 1998 Agreement and infringement on G&B-MA's trademark, G&B-MA has suffered significant damages

## COUNT I
### (Breach of Contract)

11. G&B-MA repeats and realleges Paragraphs one through ten as if fully set forth herein.

12. G&B-MA performed all of its obligations under the 1998 Agreement.

13. G&B-RI has breached the contract by soliciting and conducting business in the Cape Cod area of Massachusetts.

14. As a result of G&B-RI's breaches, G&B-MA has been injured in an amount to be determined at trial.

## COUNT II
### (Violations of 93A)

15. G&B-MA repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16. G&B-MA and G&B-RI are businesses engaged in trade and commerce within the meaning of Massachusetts General Laws Chapter 93A.

10

17. By the conduct more fully described above, particularly G&B-RI's solicitation of business and conducting of business in the Cape Cod area of Massachusetts, in direct violation of the parties' 1998 Agreement, intending to deceive the public and dilute G&B-MA's trademark, G&B-RI has engaged in unfair and deceptive acts and practices in violation of Massachusetts Laws Chapter 93A.

18. G&B-RI's conduct has been intentional and willful.

19. As a result of G&B-RI's unfair and deceptive business practices, G&B-MA has been damaged in an amount to be determined at trial.

COUNT III
(Federal Trademark Infringement)
(Violation of 15 U.S.C. §1114(1))

20. G&B-MA repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. G&B-RI, in soliciting and conducting business in the Cape Cod area of Massachusetts, has used in commerce a service mark that is identical, or confusingly similar to G&B-MA's trademark. G&B-RI divested itself of all trademark rights in 1941, and its continued use without G&B-MA's consent is likely to cause confusion, or to cause mistake and deceive.

22. G&B-RI's conduct accordingly constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23. G&B-RI's adoption and use of the trademark Griggs & Browne Co. in the Cape Cod area of Massachusetts is intentional, willful and in bad faith.

24. The conduct of G&B-RI has caused and is causing irreparable harm and damage to G&B-MA, and, unless preliminarily and permanently restrained by this Court, the harm will continue.

25. G&B-MA has no adequate remedy at law.

## COUNT IV
(Common Law Trademark Infringement)

26. G&B-MA repeats and realleges Paragraphs one through twenty-five as if fully set forth herein.

27. In addition to its rights under the Lanham Act, as set forth in Count III, G&B-MA has common law rights in the Griggs & Browne mark.

28. G&B-RI's solicitation and conducting of business in the Cape Cod area of Massachusetts is a violation and derogation of G&B-MA's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of G&B-MA's services, thereby causing damage to G&B-MA and to the public. G&B-RI, by soliciting and conducting business in the Cape Cod area of Massachusetts under the name "Griggs and Browne Co.," knows, or in the reasonable exercise of care knows, that its conduct is likely to mislead the public.

29. G&B-RI's conduct as described in paragraph 28 above is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of G&B-MA's common law rights.

12

30. G&B-RI's conduct, as alleged above, was intended to take advantage of the strength of G&B-MA's marketing, advertising, sales and name recognition in Massachusetts.

31. G&B-RI's conduct, as alleged above, has proximately caused G&B-MA to be deprived of the substantial sales of goods and services. G&B-MA has suffered damages in an amount to be determined at trial.

32. G&B-RI's conduct constitutes trademark infringement in violation of Massachusetts common law.

33. G&B-RI's conduct has caused and is causing irreparable harm and damage to G&B-MA, and the irreparable injury will continue unless preliminarily and thereafter permanently enjoined by the Court.

34. G&B-MA has no adequate remedy at law.

## COUNT V
(Common Law Unfair Competition)

35. G&B-MA repeats and realleges Paragraphs one through thirty-four as if fully set forth herein.

36. G&B-RI's conduct is a violation and derogation of G&B-MA's common law rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of G&B-RI's services, and therefore causing damage to G&B-MA and the public. G&B-RI knows, or in the exercise of reasonable care should know, that its conduct is likely to mislead the public.

{Client Files\LIT\303060\0001\F0331080.DOC;1}

37.     G&B-RI's conduct is knowing, deliberate, willful, intended to cause mistake or to deceive, and in blatant disregard of G&B-MA's rights.

38.     G&B-RI's conduct, has proximately caused G&B-MA to be deprived of the substantial sales of goods and services.  G&B-MA has suffered damages in an amount to be determined at trial.

39.     G&B-RI's conduct constitutes unfair competition in violation of common law.

40.     G&B-RI's conduct has caused and is causing great and irreparable harm and damage to G&B-MA, and unless permanently restrained by the Court, the irreparable harm will continue.

41.     G&B-MA has no adequate remedy at law.

WHEREFORE, Defendant/Plaintiff-in Counterclaim G&B-MA, respectfully requests that this Court:

1.     Enter judgment in favor of G&B-MA and against G&B-RI on each count of this Counterclaim;

2.     Award money damages to G&B-MA, plus interest;

3.     Award the costs of this action, including reasonable attorney's fees, to G&B-MA;

4.     Award G&B-MA damages, including all costs, expenses and attorneys' fees, and double or treble such damages pursuant to G.L. c. 93A;

14

5.	Temporarily, preliminarily and permanently enjoin and restrain G&B-RI from soliciting customers and conducting business in the Cape Cod area of Massachusetts;

6.	Award treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate infringement of G&B-MA's trademark and award attorney's fees;

7.	Grant such other and further relief as this Court deems just and appropriate.

Jury Claim

G&B-MA respectfully demands a trial by jury to the fullest extent permitted by law.

 

                      GRIGGS & BROWNE, CO., INC.
                      a Massachusetts Corporation,
                      By Its Attorney,


                      /s/ Thomas J. Conte
                      Thomas J. Conte (BBO #566092)
                      Maura A. Green (BBO # 547204)
                      Bowditch & Dewey, LLP
                      311 Main Street
                      P.O. Box 15156
                      Worcester, MA 01615-0156
                      508-926-3145

Dated:  December 9, 2005